365-08/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Petitioner
Sea Metropolitan S.A.
80 Pine Street
New York, New York 10005
Tel.: (212) 425 1900
Fax: (212) 425-1901
Michael E. Unger
Email: unger@freehill.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SEA METROPOLITAN S.A.,

                Petitioner,

-v-

DGM COMMODITIES CORP.,

                Respondent.
-----------------------------------------------------------x

13 Civ. _____ (___)

**VERIFIED PETITION
TO CONFIRM
ARBITRAL AWARD**

Petitioner Sea Metropolitan S.A. ("Petitioner"), by its attorneys FREEHILL HOGAN & MAHAR LLP, as and for its petition to confirm and enforce a foreign arbitral award rendered against Respondent DGM Commodities Corp. ("Respondent" or "DGM"), alleges upon information and belief as follows:

    1.    This is an action within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and constitutes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves the recognition, confirmation and enforcement of an arbitral award relating to the breach of a maritime contract of charter party. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 U.S.C. §1331 and the New York Convention on the Recognition and Enforcement of Foreign

397765.1

Arbitral Awards (9 U.S.C. §§ 201, et seq.) and the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.).

2. At all times material hereto, Petitioner was and still is a corporation duly organized and existing under the laws of Panama.

3. At all times material hereto, Respondent DGM Commodities Corp. ("DGM") was and still is a corporation or other business entity duly organized and/or existing under the laws of the State of New York with an office and principal place of business located at 49 Watermill Lane, Great Neck, New York 11021.

4. Venue is proper in this Court under 9 U.S.C. § 203 because DGM is a New York corporation with a principal place of business in this District.

5. On or about October 17, 2007, Petitioner entered into a Charter Party with DGM pursuant to which Petitioner chartered its refrigerated vessel, the ANDRA, to DGM to carry a cargo of frozen poultry from the port of Mobile to St. Petersburg, Russia. A true and accurate copy of the Charter Party is attached hereto as Exhibit A.

6. Pursuant to the Charter Party, the ANDRA loaded the cargo and sailed from Mobile on November 30, 2007, arriving in St. Petersburg in December 2007. Discharge operations commenced in February 2008, and continued until April 8, 2008, when a fuel tank adjacent to hold no. 2 ruptured, spraying fuel onto the cartons of frozen chicken in the hold. As a result, discharge operations ceased on April 14, 2008, leaving approximately 1100 metric tons of frozen poultry on board.

7. Despite its obligations under the Charter Party, DGM essentially abandoned the ANDRA after the aforementioned incident.

8. As a result of the aforesaid incident, Petitioner incurred demurrage, excess pier expenses, and excess agency fees of approximately US$4.3 million.

9. Petitioner made demand upon DGM to pay these items which were the responsibility of DGM pursuant to the terms of the Charter Party but DGM refused.

10. The Charter Party provided for the resolution of disputes to be referred to arbitration in London with English law to apply. (See, Ex. A at Clause 37).

11. Petitioner timely demanded arbitration of its dispute with DGM arising out of the incident and under the terms of the Charter Party. Thereafter, an arbitration panel was assembled and the matter proceeded to a 6 day hearing which was conducted at London, England in the latter part of 2011.

12. On January 23, 2012, the arbitration panel issued a Final Award, awarding damages in favor of Petitioner in the amount of $3,605,630.00, plus interest at the annual rate of 4.5% compounded at three-monthly rests, with interest to be calculated and payable for the period from September 1, 2008, until the date when the debt is paid, a true copy of which is attached hereto as Exhibit B (the "First Award").

13. Following issuance of the First Award, DGM timely filed an appeal with the English High Court of Justice, Queen's Bench Division Commercial Court as it was entitled to do under English law.

14. DGM's arguments on appeal were rejected and the appeal dismissed pursuant to a decision issued by the English High Court on July 18, 2012. In conjunction with the dismissal of DGM's appeal, and as is typical in English Court proceedings, the English High Court entered a second Order, also dated July 18, 2012, directing DGM to pay Petitioner's costs on the appeal, including attorneys fees, in the amount of £11,882.44 in relation to the costs of defending the application for permission to appeal and a further £30,850.89 in relation to the costs of defending the appeal itself. A true and accurate copy of the Order issued by the English High Court (the "Costs Order") is attached hereto as Exhibit C.

15. Due to DGM's failure to pay the aforesaid First Award and the Costs Order, Petitioner commenced a related action captioned *Sea Metropolitan S.A. v. DGM Commodities, Corp.*, No. 12 Civ. 5207 (SJF) (WDW), before the United States District Court for the Eastern District of New York to seek recognition and enforcement of the First Award and the Costs Order.

16. In the action referenced in Paragraph 15, the Honorable Sandra J. Feuerstein entered a Judgment dated January 24, 2013 against DGM and in favor of Petitioner in the amount of $4,358,850.59 in recognition and enforcement of the First Award and the Costs Order. A true and accurate copy of the Judgment of this Court (the "First Judgment") is attached hereto as Exhibit D.

17. Despite due demand by Petitioner, DGM has failed and refused to pay the amounts adjudged owed to Petitioner under the First Judgment.

18. The First Judgment provides for and reserves Petitioner's right to seek a further judgment of this Court to be entered against DGM in respect of Petitioner's attorneys fees and costs incurred in connection with the London arbitration.

19. In this regard, and in conjunction with the London arbitration, the arbitration panel issued a Final Arbitration Award as to Costs dated February 20, 2013, directing DGM to pay to Petitioner the total sum of £302,210.76 (approximately $478,572.60) together with interest thereon, a copy of which is attached hereto as Exhibit E (the "Costs Award"), as follows:

   a. the amount of **£213,212.76** of Petitioner's legal fees and costs incurred in the arbitration with respect to the First Award (*i.e.* Ex. B), together with interest thereon at an annual rate of 4.5 percent compounded quarterly from the date of the Costs Award (February 20, 2013) until the date of payment; and

   b. the amount of **£78,777.50** of the costs of the arbitration panel with respect to the First Award (*i.e.* Ex. B), together with interest thereon at an annual rate of 4.5 percent compounded quarterly from the date of Petitioner's payment to the arbitration panel February 20, 2012 until the date of reimbursement; and

   c. the amount of **£620.50** of Petitioner's legal fees and costs incurred in connection with Petitioner's application for the Costs Award (*i.e.* Ex. E), together with interest thereon at an annual rate of 4.5 percent compounded quarterly from the date of the Costs Award (February 20, 2013) until the date of payment; and

   d. the amount of **£9,600.00** of the costs of the arbitration panel with respect to the Costs Award (*i.e.* Ex. E), together with interest thereon at an annual rate of 4.5 percent compounded quarterly Petitioner's payment to the arbitration panel May 14, 2012until the date of reimbursement.

20. Despite due demand by Petitioner, DGM has failed and refused to pay the amounts adjudged owed to Petitioner under the Costs Award.

21. The sums due from DGM to Petitioner, inclusive of the costs awarded under the Costs Award in connection with the London arbitration ($478,572.60) and interest thereon as of

March 23, 2013 ($1,252.51 + $6,045.91 + $3.65 + $579.37 ), which interest continues to accrue until the date of payment), is, as nearly as can presently be computed, $486,454.04.

22. Despite due demand by Petitioner, DGM has failed to satisfy the $486,454.04 presently due to Petitioner under the Costs Award.

23. Pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention"), 9 U.S.C. §§201, et seq., and the Federal Arbitration Act, 9 U.S.C. §§1, et seq., Petitioner seeks an Order confirming the Costs Award as rendered by the London arbitrators, and reduction of that Award to a judgment for the purpose of enforcement.

24. Furthermore the First Judgment provides for and reserves Petitioner's right to seek the entry of a further judgment of this Court against DGM in respect of Petitioner's attorneys fees and costs incurred in connection with the recognition and enforcement of the First Award, the English High Court Costs Order and Costs Award as judgments of this Court. (See Ex. D).

25. Petitioner estimates, as nearly as can presently be computed, legal fees and costs incurred in connection with the recognition and enforcement of the First Award and Costs Order in the action captioned *Sea Metropolitan S.A. v. DGM Commodities, Corp.*, No. 12 Civ. 5207 (SJF) (WDW), will be $150,000.

26. Petitioner seeks an award of fees and costs incurred in the First Action as well as in the prosecution of this action as DGM's refusal to honor the First Award, the English High Court Costs Order and the Costs Award has created a needless waste of judicial and counsel

resources, all of which are properly recoverable under the Court's admiralty and maritime jurisdiction, and pursuant to the parties' agreement that disputes be resolved pursuant to English law, which provides for recovery of such sums.

27.  Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting this action will be $10,000.00.

WHEREFORE, Petitioner prays:

a. that process in due form of law according to the practice of this Court issue against DGM citing it to appear and answer or be defaulted for the relief sought herein;

b. that the Court recognize, confirm and enforce the Final Arbitration Award as to Costs dated February 20, 2013 and enter Judgment in favor of Petitioner and against DGM pursuant to the New York Convention, 9 U.S.C. §§201 et. seq. and the Federal Arbitration Act, 9 U.S.C. §§1 et. seq. in the total amount of the award together with interest thereon as calculated through the date judgment is issued;

c. that the Court award the Petitioner its attorneys' fees, interest and costs incurred in the prosecution of this Petition as well as in the action captioned *Sea Metropolitan S.A. v. DGM Commodities, Corp.*, No. 12 Civ. 5207 (SJF) (WDW);

d. that the Court retain jurisdiction over this matter for any supplemental or further proceedings, including the enforcement of the aforesaid judgments; and

e. that Petitioner have such other, further and different relief as the Court may deem just and proper in the premises;

Dated: New York, New York
       March 21, 2013

                                          FREEHILL HOGAN & MAHAR, LLP
                                          Attorneys for Petitioner Sea Metropolitan S.A.

By: _____
      Michael E. Unger

80 Pine Street
New York, New York 10005
Tel.: (212) 425-1900
Fax: (212) 425-1901
Email: unger@freehill.com

## ATTORNEY VERIFICATION

State of New York   )
                                ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Petitioner in this action, I have read the foregoing Verified Petition to Confirm Arbitral Award and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Petitioner is because the Petitioner is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
21 day of March, 2013.

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate Filed in New York County
Commission Expires October 31, 2013

397765.1                                                9