UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEA METROPOLITAN, S.A.,

       Petitioner,

-against-

DGM COMMODITIES CORP., f/k/a D & N
COMMODITIES INC., f/k/a D & N COM, INC.,
DAVID ELUA a/k/a DAVID ELUASHVILI,
DGM HOLDING CORP., DAVINI REALTY
LLC, and ABC CORP. 1 - 5,

       Respondents.

*SEALED*

No. 13 Civ. 1521 (DRH) (AKT)

ORDER TO SHOW CAUSE;
~~ORDER OF ATTACHMENT;~~ *OR IT*
AND TEMPORARY
RESTRAINING ORDER

UPON CONSIDERATION of Petitioner SEA METROPOLITAN, S.A. (hereinafter "Petitioner")'s *ex parte* application for a preliminary injunction and a temporary restraining order pursuant to Fed. R. Civ. P. 65 and 69 and an order of attachment pursuant to Fed. R. Civ. P. 64 and 69 and N.Y. C.P.L.R. Arts. 52 and 62, the Amended Verified Petition, the Memorandum of Law, the Affirmation and Supplemental Affirmation of Michael E. Unger, Esq. in support thereof, all of which are to be filed [under seal] together with this Order; and

WHEREAS Petitioner has stated the existence of a cause of action against Respondent DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC. (hereinafter "DGM COMMODITIES") based upon a U.S. Judgment entered on January 24, 2012 in Petitioner's favor and against DGM COMMODITIES in the amount of $4,358,850.59, a London arbitration costs award issued on February 20, 2013 in favor of Petitioner and against DGM COMMODITIES in the amount of $486,454.04, and Petitioner's recoverable attorneys' fees and costs presently estimated to be $250,000.00 incurred as a result of DGM COMMODITIES' bad faith failure to pay

the underlying arbitral awards or resulting U.S. Judgment, plus interest, costs, Marshal/Sheriff fees and expenses, and such other legal fees and costs as provided for in the U.S. Judgment and arbitration costs award or as may be recoverable pursuant to federal law, N.Y. C.P.L.R. 52, N.Y. Judiciary Law Art. 19 and/or under English law governing the underlying charter party between Petitioner and DGM COMMODITIES; and

WHEREAS Petitioner has stated the existence of a cause of action against David Elua a/k/a David Eluashivili (hereinafter "Elua"), DGM HOLDING CORP. (hereinafter "DGM HOLDING"), and DAVINI REALTY LLC (hereinafter "DAVINI REALTY") (hereinafter collectively, together with DGM COMMODITIES, "Respondents"): (i) on the basis that Elua, DGM HOLDING and DAVINI REALTY are the *alter egos* of DGM COMMODITIES such that Elua, DGM HOLDING and DAVINI REALTY are each jointly and severally liable to Petitioner for the debts and obligations of DGM COMMODITIES, including up to the total amount of Petitioner's claims herein; or (ii) alternatively, on the basis that Elua, DGM HOLDING and DAVINI REALTY are liable for the fraudulent conveyance of property of a judgment debtor, DGM COMMODITIES, under New York law and/or federal law; and

WHEREAS it is probable that Petitioner will succeed on the merits; and

WHEREAS the amount Petitioner has demanded from Respondents exceeds all counterclaims known to Petitioner;

WHEREAS grounds for an Order of Attachment exist under N.Y. C.P.L.R. §§ 6201(2), 6201(3) and 6201(5), in that Petitioner has asserted claims against Respondents based on a U.S. judgment; alternatively, Respondents are domiciled in the State of New

York but have refuse to abide by, respond to or acknowledge legal process personally served upon them; and in the further alternative, Respondents, with intent to defraud their creditors or frustrate the enforcement of a judgment that might be rendered in Petitioner's favor, have assigned, disposed of, encumbered or secreted property, or removed it from the state or are about to do any of these acts; and

WHEREAS grounds for a Temporary Restraining Order without notice under Fed. R. Civ. P. 65(b) exist, in that: (i) Petitioner has shown that it obtained the aforesaid Judgment against DGM COMMODITIES on January 24, 2012 no part of which has been paid or recovered to date despite due demand; (ii) Petitioner has shown that Respondents have notice of the aforesaid Judgment and have refused or otherwise failed to comply with, respond to or acknowledge *inter alia* Subpoenas served upon them on February 23, 2013 and on March 15, 2013 pursuant to Fed R. Civ. P. 69 and N.Y. C.P.L.R. § 5224 and Restraining Notices served upon them on March 15, 2013 pursuant to Fed R. Civ. P. 69 and N.Y. C.P.L.R. § 5222; and (iii) Petitioner has shown other further specific facts in the Unger Affirmation and the Amended Verified Petition that immediate and irreparable injury, loss or damage will result to Petitioner before Respondents can be heard in opposition in the nature of past and anticipated transfers, conveyances, encumbrances, assignments, payments, sales and/or removals of property in their possession, custody or control, in which DGM COMMODITIES is believed to have had or have an interest, against which Petitioner's aforesaid Judgment may have been or may be enforced;

WHEREAS the undertaking ~~required by C.P.L.R. § 6212(b) and~~ by Fed. R. Civ. P. 65(c) has been submitted herewith; [WRIT]

NOW, upon the *ex parte* application of Petitioner,

## ORDER TO SHOW CAUSE

LET Respondents SHOW CAUSE before The Honorable Denis R. Hurley, United States District Judge, at 100 Federal Plaza, Central Islip, New York 11722, Courtroom 930, on the 17 day of ~~July~~ June, 2013, at 5:00 p.m. o'clock, or as soon thereafter as counsel can be heard, why an Order granting Petitioner's application for a preliminary injunction and for an order of attachment should not be issued;

IT IS FURTHER ORDERED that answering papers, if any, including but not limited to Affidavit(s), Affirmation(s), Declaration(s), Exhibit(s) and/or Memoranda of Law shall be filed [under seal]* and served so as to be received by counsel for Petitioner (Freehill Hogan & Mahar, LLP) at their offices at 80 Pine Street, New York, New York 10005, by hand, or by courier and/~~or~~ by email to unger@freehill.com, on or before five o'clock on the 7 day of June, 2013, and reply papers, if any, including but not limited to Affidavit(s), Affirmation(s), Declaration(s), Exhibit(s) and/or Memoranda of Law shall be filed [~~under seal~~] and served so as to be received by counsel for Respondents at or before five o'clock on the 14 day of ~~July~~ June, 2013;

## ORDER OF ATTACHMENT

IT IS FURTHER ORDERED that Petitioner's *ex parte* application for an Order of Attachment pursuant to Fed. R Civ. P. 64 and/or 69 and N.Y. C.P.L.R. Art. 52 and/or 62 ~~be granted;~~ will be heard on the return date of the order to show cause.

IT IS FURTHER ORDERED that all real property and all tangible and intangible personal property held in the name of, on behalf of, or for the benefit of each of the Respondents, namely:

1. DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC.;

402126.1

4

2. David Elua a/k/a David Eluashivili;

3. DGM HOLDING CORP.; and

4. DAVINI REALTY LLC

shall be subject to attachment pursuant to Fed. R. Civ. P. 64 and/or and N.Y. C.P.L.R. §§ 6201 and 6211 in the amount of **$5,120,304.63** as against <u>each</u> of the Respondents (representing the sum of Petitioner's base claim of $5,095,304.63, plus interest, costs, Marshal/Sheriff's fees and expenses and such other recoverable legal costs and disbursements);

IT IS FURTHER ORDERED that the United States Marshal and/or Sheriff of Nassau County shall, within his or her jurisdiction, <u>immediately</u> levy upon and take into his or her actual custody any and all real property and all tangible and intangible personal property held in the name of or for the benefit of <u>each</u> of the aforesaid Respondents (individually, jointly and severally or otherwise) up to and including the amount of **$5,120,304.63** as against <u>each</u> of the Respondents (1) by serving the within Order of Attachment upon each of the Respondents and each of the garnishees identified in the Addendum annexed hereto and (2) by filing with the Clerk of Nassau County a notice of the attachment indorsed with the name and address of Petitioner's attorney and stating the names of the parties to this action, the amount specified in the Order of Attachment and a description of the property levied upon;

IT IS FURTHER ORDERED that certain obligations of Respondents coming due in the ordinary course of business (~~namely~~ *such as*: employee wages, taxes, corporate filing fees, costs of goods purchased from unrelated third-parties in the regular course of business, warehouse/storage costs, and office utilities and normal overhead expenses) ~~may be~~ *are excluded, i.e. not covered by this temporary restraining order.*

402126.1

5

*[handwritten margin: RJK]*

subject to being released from this attachment upon the written approval of the Court to be provided only if and when the Court is able to make a determination that any such payment is, in fact, an ordinary business cost or expense of Respondents based on the Court's receipt of duly authenticated business records prepared and/or received by or on behalf of Respondents in the ordinary course of business, evidencing the circumstances and the nature of the subject payment. Said supporting documents are to be filed with the Court and simultaneously served by Respondents on counsel for Petitioner via email at unger@freehill.com before any such payment may be released from restraint and shall include: (i) an accounting of each and every transaction involving each of the Respondents' personal, business and investment accounts during the six month period preceding the due date of the subject payment; and (ii) supporting contemporaneous third-party invoices, statements or payroll evidencing the ordinary business nature of the subject payment;

  IT IS FURTHER ORDERED that pursuant to N.Y C.P.L.R. § 6211, this Order of Attachment is granted without notice to Respondents;

  IT IS FURTHER ORDERED that pursuant to N.Y. C.P.L.R. § 6220, Respondents shall disclose and produce to Petitioner on or before June 14, 2013 a full and complete accounting of any and all interests <u>each</u> of the Respondents has in property, including but not limited to all tangible and intangible personal property and all real property, whether such property is located in or outside of the United States, including but not limited to the nature of the property interest, the amount of the property interest, the ownership of the property interest, the location of the property and the name of all garnishees that are or may be in possession or custody of the property.

IT IS FURTHER ORDERED that, pursuant to N.Y. C.P.L.R. § 6211(b), the garnishees upon which a copy of this Order of Attachment is served are directed to file the statement required by N.Y. C.P.L.R. § 6219 with this Court within five (5) days after service of this Order of Attachment, with a copy to Petitioner's counsel, and Petitioner is directed to file a motion for an Order confirming this Order within five (5) days after levy, unless otherwise ordered;

## TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that Petitioner's *ex parte* application for a Temporary Restraining Order pursuant to Fed. R Civ. P. 65 is hereby granted as of 1:00 p.m. o'clock on the 4 day of June, 2013; [DRK]

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 65, each of the Respondents, namely:

1. DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC.;

2. David Elua a/k/a David Eluashivili;

3. DGM HOLDING CORP.; and

4. DAVINI REALTY LLC

is hereby temporarily restrained from: (i) except in the ordinary course of business, disposing of, paying over, selling, transferring, conveying, encumbering, secreting or removing any real or personal tangible or intangible property in which DGM COMMODITIES, David Elua, DGM HOLDING and/or DAVINI REALTY has or is believed to have an interest, within their possession or custody, whether such property is located in or outside of the United States; and (ii) further disobeying the Subpoenas served upon them on February 23, 2013 and on March 15, 2013 and the Restraining Notices served upon them on March 15, 2013; [DRK]

402126.1

7

IT IS FURTHER ORDERED that this Temporary Restraining Order is granted without notice to Respondents and shall remain in effect until such time as the hearing on Petitioner's application for a preliminary injunction is held at the location, on the date and at the time as aforesaid ~~or at a time not to exceed~~ but in no extent shall remain in effect beyond fourteen (14) days after the effective date and time of this Temporary Restraining Order unless, before that time, the Court, for good cause shown, extends it for a like period or Respondents consent to a longer extension;

IT IS FURTHER ORDERED that Plaintiff's undertaking specified by N.Y. C.P.L.R. § 6212(b) and Fed. R. Civ. P. 65(c) hereby is fixed in the sum of $50,000.00;

IT IS FURTHER ORDERED that the U.S. Marshal and/or Sheriff shall immediately serve this Order upon each of the Respondents and the garnishees identified in the Appendix annexed hereto by five o'clock on the ____ day of June, 2013;

IT IS FURTHER ORDERED that, by five o'clock on the same date this Order is served upon any one or more Respondent(s) and/or garnishee(s), the Marshal/Sheriff shall prepare and serve electronic written notice of such service to Petitioner's counsel (Freehill Hogan & Mahar, LLP) via email at unger@freehill.com and via facsimile at (212) 425-1901; and

IT IS FURTHER ORDERED that after such written notice of service as to all Respondents and all garnishees is received by Petitioner's counsel from the Marshal/Sheriff, Petitioner shall notify the Court of the completion of service of this Order at which time this Order shall be promptly filed and entered in the record.

Dated: Central Islip, New York
       June ___, 2013

"SO ORDERED"

_____
The Honorable Denis R. Hurley
U.S. District Court Judge

\* The "under seal" designations in this Order to Show Cause shall remain in effect until 5:00 p.m. on June 7, 2013 (i.e. the last service date for the TRO) after which all papers in this action will be available to the public.

Petitioners have established to my satisfaction that giving prior notice to respondents would likely lead to a diversion of respondents' assets in a manner intended to render the outstanding judgment and award to petitioner uncollectable.

So Ordered.

*/s/ Denis R. Hurley*
Denis R. Hurley

## ADDENDUM TO ORDER OF ATTACHMENT

(A) **RESPONDENTS/GARNISHEES**

1. David Elua a/k/a David Eluashvili
   98 Kings Point Road
   Kings Point, NY 11024

   (alternate service address: 49 Watermill Lane, Great Neck, NY 11021)

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by Respondent/Garnishee David Elua to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

Real Property: 98 Kings Point Road, King Point, NY 11024 – Nassau County
              49 Watermill Lane, Great Neck, NY 11021 – Nassau County


2. DGM HOLDING CORP.
   49 Watermill Lane
   Great Neck, NY 11021

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by Respondent/Garnishee DGM HOLDING CORP. to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

1

402177.2

3. DGM COMMODITIES CORP.
   49 Watermill Lane
   Great Neck, NY 11021

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by Respondent/Garnishee DGM COMMODITIES CORP. to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

4. DAVINI REALTY LLC
   49 Watermill Lane
   Great Neck, NY 11021

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by Respondent/Garnishee DGM REALTY LLC to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

Real Property: 49 Watermill Lane, Great Neck, NY 11021 – Nassau County

(B) **GARNISHEES**

5.  DGM SKIES LLC
    49 Watermill Lane
    Great Neck, NY 11021

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

5.  DGM LOGISTICS CORP.
    49 Watermill Lane
    Great Neck, NY 11021

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

6.  DGM MEDIA LTD
    49 Watermill Lane
    Great Neck, NY 11021

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by the garnishee to or for the benefit of DGM

COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

7. DGM COMMODITIES EXPORTS CORP.
   49 Watermill Lane
   Great Neck, NY 11021

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

8. DIRECT COMMODITIES EXPORTS
   98 Kings Point Road
   Kings Point, NY 11024

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

9. VESSEL COMMODITIES INTERNATIONAL
   49 Watermill Lane
   Great Neck, NY 11021

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights,

claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

10. DGM REALTY CORP.
    49 Watermill Lane
    Great Neck, NY 11021

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

11. Nikolai Pirskhalaichvili
    3 Pine Drive
    S Roslyn, New York 11576

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

12. Inna Elua
    98 Kings Point Road
    Kings Point, NY 11024

Personal Property (located within or outside of New York): Any and all property interests held in the name of, on behalf of or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., either individually or jointly and

402177.2

severally, including but not limited to any and all equity in real property, corporate stock ownership, stock certificates, partnership interests, accounts, assets, investments, contract rights, claims, causes of action, judgments, account receivables and any other tangible or intangible personal property, and/or any and all debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally.

<u>Real Property</u>: 98 Kings Point Road, King Point, NY 11024 – Nassau County

13.    JPMorgan Chase Bank
       60 Great Neck Road
       Great Neck, New York 11021

Property Interests: Any and all property interests, including but not limited to any and all assets and accounts in the name of or held for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally, together with any and all debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP.

14.    JPMorgan Chase Bank
       22 Grace Avenue
       Great Neck, New York 11021

Property Interests: Any and all property interests, including but not limited to any and all assets and accounts in the name of or held for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally, together with any and all debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP.

15.    Capital One Bank, f/d/b/a North Folk Bank
       700 Walt Whitman Road
       Melville, New York 11747

Property Interests: Any and all property interests, including but not limited to any and all assets and accounts in the name of or held for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally, together with any and all debts owed by the garnishee to or for the benefit of DGM

402177.2

COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP.

16.  Capital One Bank, f/d/b/a North Folk Bank
     275 Broad Hollow Road
     Melville, New York 11747

Property Interests:  Any and all property interests, including but not limited to any and all assets and accounts in the name of or held for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP., individually or jointly and severally, together with any debts owed by the garnishee to or for the benefit of DGM COMMODITIES CORP., f/k/a D & N COMMODITIES INC., f/k/a D & N COM, INC., DAVID ELUA a/k/a DAVID ELUASHVILI, DGM HOLDING CORP., and/or DAVINI REALTY CORP.