```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
SEA METROPOLITAN, S.A.,

                Petitioner,              MEMORANDUM AND ORDER
                                         Docket No. 13-CV-1521(DRH)
          -against-

DGM COMMODITIES CORP., f/k/a D&N
COMMODITIES INC., f/k/a D&N COM.,
INC., DAVID ELUA a/k/a DAVID
ELUASHVILI, DGM HOLDING CORP.,
DAVINI REALTY LLC, and ABC CORP.
1-5,

                Respondents.
-------------------------------X
A P P E A R A N C E S:

For Plaintiff:
    Freehill, Hogan and Mahar, LLP
    80 Pine Street
    New York, New York 10005-1759
      By: Michael E. Unger, Esq.
          Susan Lee, Esq.

For Defendants David Elua a/k/a
David Eluashvili, DGM Holding Corp.
and Davini Realty LLC:

    Margolis & Tisman LLP
    280 Madison Avenue - Suit 500
    New York, New York 10016
      By: Stephen R. Tisman, Esq.
```

HURLEY, Senior District Judge

By Memorandum and Order dated August 2, 2013, the application of Sea Metropolitan ("SMSA" or "petitioner") for a preliminary injunction under Federal Rule of Civil Procedure 65(a) was granted against respondents DGM Commodities Corporation ("DGM Commodities") and David Elua ("Elua"), along with an order of attachment under subsections (3) and (5) of CPLR § 6201 as to

the property of those same two respondents. In the "CONCLUSION" section of the August 2, 2013 Memorandum and Order, petitioner was "directed to submit a proposed order consistent with this decision on notice. . . ." (Aug. 2, 2013 Mem. & Order at 17.) By letter dated August 16, 2013, petitioner's counsel submitted a proposed order, accompanied by a counter-proposed order submitted by respondents.

The August 2, 2013 decision is also the subject of an August 16, 2013 motion for reconsideration made by Elua pursuant to Local Civil Rule 6.3.

The proposed order submitted by petitioner and the respondents' proposed counter-order with respect to the August 2nd decision, and the motion for reconsideration will be addressed seriatim.

## Proposed Orders

The "HEREBY ORDERED" portions of the parties' proposed orders differ markedly. The differences are largely traceable to their respective understandings as to the scope of the subject decision. It is petitioner's belief that the "Court put SMSA [at the July hearing] to the higher, trial-on-merits standard that it prove by a preponderance of the evidence that Elua was, in fact, DGM Commodities' alter ego" rather than what it posits would have been the appropriate and supposedly less onerous measure, viz. "a reasonable likelihood of success on the merits" test. (Pet'r's

Aug. 16, 2013 Letter at 2.) Based on that belief, petitioner views the Court's decision as a final adjudication of the alter ego issue, thereby eliminating the need for a trial.

Respondents' proposed order, on the other hand, is premised on the understanding that the hearing, as well as the Court's decision, were preliminary in nature with the decision merely intended to prevent the dissipation of respondents' assets pending trial. For the reasons indicated <u>infra</u>, respondents' position is accurate, although petitioner correctly reports that the fair preponderance standard was used in evaluating the proof produced at the hearing.

It is axiomatic that a preliminary injunction and an order of attachment are both extraordinary remedies which significantly infringe on the targeted person's freedom of action as to his conduct and assets. "A party seeking [preliminary] injunctive relief [under the law of the Second Circuit] ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) <u>either</u> (i) a likelihood of success on the merits <u>or</u> (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." <u>Tom Doherty Associates, Inc., v. Saban Entertainment Inc.</u>, 60 F.3d 27, 33 (2d Cir. 1995)(emphasis added). Here, the preliminary injunction application was framed by the parties, and

decided by the Court based on whether petitioner was able to establish irreparable injury and a likelihood of success on the merits based on the information then available, independent of the alternative to the "likelihood of success" prong set forth in subdivision (b)(ii) of Tom Doherty Associates. And with respect to attachment, "[u]nder New York law, to obtain an order of attachment, the moving party must demonstrate that [,inter alia,] . . . there is a probability of success on the merits"; here, that this Court's acceptance at the hearing of SMSA's alter ego-based effort to hold Elua answerable for its judgment against DGM Commodities will be ultimately adopted by the final trier-of-fact. Allstate Insurance Co. v. Rozenberg, 771 F. Supp. 2d 254, 269 (E.D.N.Y. 2011).

The question, then is what does likelihood of success on the merits mean in the present context. The terms "likelihood" and "probability" are synonyms. See Webster's Third New International Dictionary at page 1310; see also definition of "probable" in Merriam-Webster's Collegiate Dictionary, Eleventh Ed. at p. 989 ["likely to become true or real"]. Thus a literal, and I believe correct reading of Tom Doherty Associates indicates that "[t]o show a probability of success on the merits, the moving party must demonstrate . . . that it is more likely than not that it will succeed on its claims." DLJ Mortgage Capital, Inc. v. Kontogiannis, 594 F. Supp. 2d 308, 319 (E.D.N.Y. 2009).

Although Kontogiannis dealt with attachment, its definition of likelihood of success appears equally germane to the preliminary injunction portion of SMSA's application. The use of some lesser quantum of proof – as petitioner proffers, absent supporting authority, is typically employed at this stage of a proceeding seeking injunctive relief – would be to trivialize the significance of such relief. Moreover, it is unclear how the "reasonable likelihood of success on the merits" standard is supposedly less demanding than a "fair preponderance." Indeed, the "more likely than not," or "more probable than not" language found in preliminary injunction and attachment decisions mirror the preponderance of evidence standard. See definition of a preponderance of the evidence in Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997)("To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true")(internal quotation marks an citations deleted)).

In any event, petitioner's contention that it was held to a "heightened standard" at the July hearing is not convincing.[1] Given that its belief to the contrary is the primary predicate for its position that the August 2nd decision

---

[1] But see generally 11 A Wright Miller & Kane, Federal Practice and Procedure, Civil 2d, § 2948.3 entitled "Probability of Success on the Merits," a perusal of which indicates that courts "use a bewildering variety of formulations" in defining the subject term.

represents a final adjudication of the merits, the portions of its proposed order geared to implementing that erroneous understanding have been stricken.

To partially reiterate, the August 2, 2013 decision was intended "merely to preserve the relative position of the parties until a trial on the merits can be held." University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). That is true with respect to both the preliminary injunction[2] and the order of attachment.

Finally, as petitioner underscores, its alter ego proof at the preliminary injunction hearing was formidable. Among other things, the Court found pivotal parts of Elua's testimony unworthy of belief. However, additional proof may henceforth surface through discovery or otherwise on the alter ego issue that may ultimately lead to a different conclusion at trial.

### David Elua's Motion for Reconsideration

By Notice of Motion filed on August 16, 2013, respondent Elua seeks reconsideration of the relief granted to petitioner. The focus of the reconsideration motion is the Court's conclusion that Elua diverted money that Global Trading owed to DGM Commodities to another Elua controlled, but non-respondent corporation as well as the Court's finding that Elua funneled potential business opportunities of DGM Commodities to

---

[2] Parenthetically, neither party, nor the Court sua sponte, suggested that the hearing and trial be held at the same time pursuant to Federal Rule of Civil Procedure 65(a)(2).

other entities for the purpose of hindering petitioner's efforts to collect on its judgment against DGM Commodities.

A motion for reargument is not to be utilized as a vehicle for an unsuccessful litigant to "repeat arguments already briefed, considered and decided" or to reargue factual matters not based on newly discovered evidence. Boakye-Yiadom v. Laria, 2013 WL 3094943 at *2 (E.D.N.Y. June 18, 2013). "Reconsideration is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Paone v. Micro Soft Corporation, 2013 U.S. Dist. LEXIS 112705, at *18 (E.D.N.Y. Aug. 9, 2013). "A motion for reconsideration under Local Civil Rule 6.3 provides the Court with [1] an opportunity to correct manifest errors of law or fact . . . or [2] prevent manifest injustice.'" Boakye-Yiadom v. Laria, 2013 WL 3094943 at *2 (internal quotation marks deleted and citation deleted). Neither ground "[1]" nor "[2]" is extant here.

As to respondents' assertion that supposedly critical items of evidence were ignored, the mere fact that the Court mentioned only those items impacting its findings does not mean that it overlooked other evidence in the record. I have revisited the grounds advanced by Elua in seeking reconsideration and, having done so, reject Elua's claim that the targeted findings of fact and conclusions of law are inconsistent with the

credible evidence and, thus, should be altered.

## CONCLUSION

Neither petitioner's proposed order nor Elua's proposed counter-order adequately reflects the Court's August 2, 2013 decision. Accordingly, with the aid provided by their respective proposed orders and accompanying letters addressing the applicable law, attached hereto is a copy of the implementing order prepared and entered this date by the Court.

As to Elua's motion for reconsideration, it has been granted but, upon reconsideration, the Court adheres to its original decision.

The parties are directed to contact Judge Tomlinson's Chambers to address any discovery matters and other actions that may be necessary before this case may be marked ready for a trial.

SO ORDERED.

Dated: October 2, 2013
       Central Islip, New York

_____
DENIS R. HURLEY, U.S.D.J.