UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
SEA METROPOLITAN, S.A.,

                Petitioner,            <u>MEMORANDUM AND ORDER</u>
                                       Docket No. 13-CV-1521(DRH)
           -against-

DGM COMMODITIES CORP., f/k/a D&N
COMMODITIES INC., f/k/a D&N COM.,
INC., DAVID ELUA a/k/a DAVID
ELUASHVILI, DGM HOLDING CORP.,
DAVINI REALTY LLC, and ABC CORP.
1-5,

                Respondents.
-------------------------------X
A P P E A R A N C E S:

For Plaintiff:
    Freehill, Hogan and Mahar, LLP
    80 Pine Street
    New York, New York 10005-1759
      By: Michael E. Unger, Esq.
         Susan Lee, Esq.

For Defendants David Elua a/k/a
David Eluashvili, DGM Holding Corp.
and Davini Realty LLC:

    Margolis & Tisman LLP
    280 Madison Avenue - Suit 500
    New York, New York 10016
      By: Stephen R. Tisman, Esq.

HURLEY, Senior District Judge

        By Memorandum and Order dated August 2, 2013, the

application of Sea Metropolitan ("SMSA" or "petitioner") for a

preliminary injunction under Federal Rule of Civil Procedure

65(a) was granted against respondents DGM Commodities Corporation

("DGM Commodities") and David Elua ("Elua"), along with an order

of attachment under subsections (3) and (5) of CPLR § 6201 as to

the property of those same two respondents.  In the "CONCLUSION"
section of the August 2, 2013 Memorandum and Order, petitioner
was "directed to submit a proposed order consistent with this
decision on notice. . . ."  (Aug. 2, 2013 Mem. & Order at 17.)
By letter dated August 16, 2013, petitioner's counsel submitted a
proposed order, accompanied by a counter-proposed order submitted
by respondents.

The August 2, 2013 decision is also the subject of an
August 16, 2013 motion for reconsideration made by Elua pursuant
to Local Civil Rule 6.3.

The proposed order submitted by petitioner and the
respondents' proposed counter-order with respect to the August
2nd decision, and the motion for reconsideration will be
addressed seriatim.

<u>Proposed Orders</u>

The "HEREBY ORDERED" portions of the parties' proposed
orders differ markedly.  The differences are largely traceable to
their respective understandings as to the scope of the subject
decision.  It is petitioner's belief that the "Court put SMSA [at
the July hearing] to the higher, trial-on-merits standard that it
prove by a preponderance of the evidence that Elua was, in fact,
DGM Commodities' <u>alter</u> <u>ego</u>" rather than what it posits would have
been the appropriate and supposedly less onerous measure, viz. "a
reasonable likelihood of success on the merits" test.  (Pet'r's

Aug. 16, 2013 Letter at 2.)  Based on that belief, petitioner

views the Court's decision as a final adjudication of the alter

ego issue, thereby eliminating the need for a trial.

Respondents' proposed order, on the other hand, is

premised on the understanding that the hearing, as well as the

Court's decision, were preliminary in nature with the decision

merely  intended to prevent the dissipation of respondents'

assets pending trial.  For the reasons indicated infra,

respondents' position is accurate, although petitioner correctly

reports that the fair preponderance standard was used in

evaluating the proof produced at the hearing.

It is axiomatic that a preliminary injunction and an

order of attachment are both extraordinary remedies which

significantly infringe on the targeted person's freedom of action

as to his conduct and assets.  "A party seeking [preliminary]

injunctive relief [under the law of the Second Circuit]

ordinarily must show: (a) that it will suffer irreparable harm in

the absence of an injunction and (b) either (i) a likelihood of

success on the merits or (ii) sufficiently serious questions

going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in the movant's favor."

Tom Doherty Associates, Inc., v. Saban Entertainment Inc., 60

F.3d 27, 33 (2d Cir. 1995)(emphasis added).  Here, the

preliminary injunction application was framed by the parties, and

decided by the Court based on whether petitioner was able to
establish irreparable injury and a likelihood of success on the
merits based on the information then available, independent of
the alternative to the "likelihood of success" prong set forth in
subdivision (b)(ii) of Tom Doherty Associates.  And with respect
to attachment, "[u]nder New York law, to obtain an order of
attachment, the moving party must demonstrate that [,inter alia,]
. . . there is a probability of success on the merits"; here,
that this Court's acceptance at the hearing of SMSA's alter ego-
based effort to hold Elua answerable for its judgment against DGM
Commodities will be ultimately adopted by the final trier-of-
fact.  Allstate Insurance Co. v. Rozenberg, 771 F. Supp. 2d 254,
269 (E.D.N.Y. 2011).

     The question, then is what does likelihood of success
on the merits mean in the present context.  The terms
"likelihood" and "probability" are synonyms.  See Webster's Third
New International Dictionary at page 1310; see also definition of
"probable" in Merriam-Webster's Collegiate Dictionary, Eleventh
Ed. at p. 989 ["likely to become true or real"].  Thus a literal,
and I believe correct reading of Tom Doherty Associates indicates
that "[t]o show a probability of success on the merits, the
moving party must demonstrate . . . that it is more likely than
not that it will succeed on its claims."  DLJ Mortgage Capital,
Inc. v. Kontogiannis, 594 F. Supp. 2d 308, 319 (E.D.N.Y. 2009).

Although Kontogiannis dealt with attachment, its
definition of likelihood of success appears equally germane to
the preliminary injunction portion of SMSA's application.  The
use of some lesser quantum of proof – as petitioner proffers,
absent supporting authority, is typically employed at this stage
of a proceeding seeking injunctive relief – would be to
trivialize the significance of such relief.  Moreover, it is
unclear how the "reasonable likelihood of success on the merits"
standard is supposedly less demanding than a "fair
preponderance."  Indeed, the "more likely than not," or "more
probable than not" language found in preliminary injunction and
attachment decisions mirror the preponderance of evidence
standard.  See definition of a preponderance of the evidence in
Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997)("To establish
a fact by a preponderance of the evidence means to prove that the
fact is more likely true than not true")(internal quotation marks
an citations deleted)).

In any event, petitioner's contention that it was held
to a "heightened standard" at the July hearing is not
convincing.[1]  Given that its belief to the contrary is the
primary predicate for its position that the August 2nd decision

---

[1]  But see generally 11 A Wright Miller & Kane, Federal
Practice and Procedure, Civil 2d, § 2948.3 entitled "Probability
of Success on the Merits," a perusal of which indicates that
courts "use a bewildering variety of formulations" in defining
the subject term.

represents a final adjudication of the merits, the portions of
its proposed order geared to implementing that erroneous
understanding have been stricken.

To partially reiterate, the August 2, 2013 decision was
intended "merely to preserve the relative position of the parties
until a trial on the merits can be held." University of Texas v.
Camenisch, 451 U.S. 390, 395 (1981). That is true with respect
to both the preliminary injunction[2] and the order of attachment.

Finally, as petitioner underscores, its alter ego proof
at the preliminary injunction hearing was formidable. Among
other things, the Court found pivotal parts of Elua's testimony
unworthy of belief. However, additional proof may henceforth
surface through discovery or otherwise on the alter ego issue
that may ultimately lead to a different conclusion at trial.

David Elua's Motion for Reconsideration

By Notice of Motion filed on August 16, 2013,
respondent Elua seeks reconsideration of the relief granted to
petitioner. The focus of the reconsideration motion is the
Court's conclusion that Elua diverted money that Global Trading
owed to DGM Commodities to another Elua controlled, but non-
respondent corporation as well as the Court's finding that Elua
funneled potential business opportunities of DGM Commodities to

---

[2] Parenthetically, neither party, nor the Court sua sponte,
suggested that the hearing and trial be held at the same time
pursuant to Federal Rule of Civil Procedure 65(a)(2).

other entities for the purpose of hindering petitioner's efforts to collect on its judgment against DGM Commodities.

A motion for reargument is not to be utilized as a vehicle for an unsuccessful litigant to "repeat arguments already briefed, considered and decided" or to reargue factual matters not based on newly discovered evidence. <u>Boakye-Yiadom v. Laria</u>, 2013 WL 3094943 at *2 (E.D.N.Y. June 18, 2013). "Reconsideration is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." <u>Paone v. Micro Soft Corporation</u>, 2013 U.S. Dist. LEXIS 112705, at *18 (E.D.N.Y. Aug. 9, 2013). "A motion for reconsideration under Local Civil Rule 6.3 provides the Court with [1] an opportunity to correct manifest errors of law or fact . . . or [2] prevent manifest injustice.'" <u>Boakye-Yiadom v. Laria</u>, 2013 WL 3094943 at *2 (internal quotation marks deleted and citation deleted). Neither ground "[1]" nor "[2]" is extant here.

As to respondents' assertion that supposedly critical items of evidence were ignored, the mere fact that the Court mentioned only those items impacting its findings does not mean that it overlooked other evidence in the record. I have revisited the grounds advanced by Elua in seeking reconsideration and, having done so, reject Elua's claim that the targeted findings of fact and conclusions of law are inconsistent with the

credible evidence and, thus, should be altered.

CONCLUSION

Neither petitioner's proposed order nor Elua's proposed counter-order adequately reflects the Court's August 2, 2013 decision.  Accordingly, with the aid provided by their respective proposed orders and accompanying letters addressing the applicable law, attached hereto is a copy of the implementing order prepared and entered this date by the Court.

As to Elua's motion for reconsideration, it has been granted but, upon reconsideration, the Court adheres to its original decision.

The parties are directed to contact Judge Tomlinson's Chambers to address any discovery matters and other actions that may be necessary before this case may be marked ready for a trial.

SO ORDERED.

Dated: October 2, 2013
      Central Islip, New York

                                                 _____
                                                 DENIS R. HURLEY, U.S.D.J.